# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2011

Lyle W. Cayce
Clerk

No. 10-51187
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL GUZMAN PINALES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2395-1

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel Guzman Pinales appeals the 57-month sentence he received following his guilty plea conviction for attempted illegal reentry and improper use of another's passport. Although Guzman Pinales argues to the contrary, sentences within the properly-calculated guidelines range determined under U.S.S.G. § 2L1.2 are entitled to a presumption of reasonableness. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 92 (2009). Additionally, because Guzman Pinales did not object to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence as unreasonable in the district court, we review the reasonableness of the sentence for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Guzman Pinales asserts that his sentence is unreasonable because U.S.S.G. § 2L1.2 double counted his prior drug trafficking conviction by using it to determine both his offense level and his criminal history score. Because offense levels under § 2L1.2 are based upon defendants' criminal history instead of analysis of empirical data, national experience, and the offense conduct, he contends that his sentence was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). A sentence calculated under § 2L1.2 is not unreasonable simply because the guideline double counts the defendant's criminal history or because the guideline lacks an empirical basis. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67; *see also* § 2L1.2, comment. (n.6) (a conviction that triggers the 16-level enhancement may be assigned criminal history points).

Next Guzman Pinales asserts that the 16-level enhancement he received for his prior drug trafficking conviction produced a sentencing range greater than necessary to deter future crime and protect the public. He notes that his crimes occurred in "the fairly distant past" and he lived a peaceful and law abiding existence in Mexico for more than eight years before attempting to illegally reenter. He asserts that it was unreasonable to sentence him the same as someone with a recent criminal record.

The district court explicitly accounted for the fact that Guzman Pinales remained in Mexico for eight years by sentencing him at the bottom of the guidelines range instead of imposing a higher sentence. The court also carefully explained that a guidelines sentence was necessary to meet the sentencing goal of deterring future crimes because Guzman Pinales's children were United States citizens and the temptation to return to be with them would continue.

No. 10-51187

That Guzman Pinales purportedly lived a law abiding lifestyle in Mexico does not affect the district court's analysis.

Guzman Pinales also asserts that the Guidelines overstated the seriousness of his offenses because the underlying non-violent conduct was akin to trespass. This argument fails to overcome the presumption that a guidelines sentence under § 2L1.2 is reasonable. *See United States v. Aguirre-Villa*, 460 F.3d 681, 682-83 (5th Cir. 2006).

Additionally, Guzman Pinales contends that his sentence failed to account for his history and the circumstances of his offense because he "was fleeing the drug violence that has made Juarez one of the most dangerous places in the world." He asserts that he tried to live in Juarez, but the violence "was brought to his door." He does not repeat the allegation in his written objections to the presentence report that he was under duress at the time of the offense because he was facing "certain death" at the hands of drug traffickers whom he helped to convict. Instead he contends that the violence in Juarez mitigates in favor of a lower sentence by providing a motive for his attempted reentry. Assuming arguendo that a motive of avoiding violence is a factor that should receive significant weight in sentencing, the record contains no evidence that Guzman Pinales was facing a threat of violence when he entered the United States. He thus fails to show that his motive for entering the United States was a factor that should have received significant weight. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

Finally, Guzman Pinales asserts that his sentence is unreasonable because of the unwarranted sentencing disparity between his sentence and sentences rendered in districts with fast-tract sentencing programs. Conceding that the issue is foreclosed by our precedent, he nevertheless raises it to preserve it for further review by the Supreme Court. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008).

As Guzman Pinales has failed to demonstrate any error, plain or otherwise, the judgment of the district court is AFFIRMED.

3